SUMMONS ISSUED

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 20 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------

TIMOTHY MATOS and CHARLES CURRY,

                      Plaintiffs,

    -against-

CITY OF NEW YORK, MATTHEW EDELMAN, DENNIS
MAIRA, MICHAEL PIAZZA, individually and in
their official capacities,

                      Defendants.

------------------------------------------------------------------X

12 - 0287

**COMPLAINT**

Docket No.

Jury Trial Demanded

BLOCK, J.

AZRACK, M.J.

        Plaintiffs TIMOTHY MATOS and CHARLES CURRY, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff TIMOTHY MATOS is a twenty-four year old African American man residing in Staten Island, New York.

7. Plaintiff CHARLES CURRY is a forty-two year old African American man residing in Staten Island, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, MATTHEW EDELMAN, DENNIS MAIRA, and MICHAEL PIAZZA, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On January 21, 2009, at approximately 6:30 a.m., plaintiffs TIMOTHY MATOS and CHARLES CURRY were lawfully present inside 1077 Castleton Avenue, Apartment 5G, Staten Island, New York, when the defendants, together with other NYPD police officers, entered said location with guns drawn.

14. Defendant EDELMAN found plaintiff CURRY in the living room of said location.

15. The defendant officers searched plaintiff CURRY and the living room.

16. The defendant officers found no contraband in the living room, nor on plaintiff CURRY's person, nor in any area under CURRY'S control.

17. Despite lacking probable cause to believe plaintiff CURRY had committed any crime or offense, the defendant officers arrested CURRY, placed handcuffs on his wrists, transported him to the NYPD's 120th precinct stationhouse and imprisoned him therein.

18. Defendant EDELMAN found plaintiff MATOS in bed in his bedroom.

19. The defendant officers searched plaintiff MATOS and his bedroom.

20. The defendant officers found no contraband in plaintiff MATOS' bedroom, nor on his person, nor from any area under his control.

21. Despite lacking probable cause to believe plaintiff MATOS had committed any crime or offense, the defendant officers arrested MATOS, placed handcuffs on his wrists, transported him to the NYPD's 120th precinct stationhouse and imprisoned him therein.

22. The defendant officers imprisoned plaintiffs until their arraignments in Richmond

County Criminal Court on baseless charges filed under docket numbers 2009RI000743 and 2009RI000744; said charges having been filed based on the false allegations of defendant EDELMAN. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

23. Defendant EDELMAN'S sworn allegations to the Richmond County District Attorney's Office and to the Richmond County Criminal Court caused plaintiffs to be transported to, and incarcerated in, a New York City Department of Correction jail after their arraignments.

24. Plaintiffs were imprisoned until January 26, 2009, when all the false charges filed against plaintiffs were dismissed and sealed in Richmond County Criminal Court.

25. The defendant officers MATTHEW EDELMAN, DENNIS MAIRA, and MICHAEL PIAZZA directly participated in and/or failed to intervene in the illegal conduct described herein.

26. Defendant MICHAEL PIAZZA supervised defendants EDELMAN and MAIRA and approved of, oversaw, and otherwise presided over the defendants' arrest and prosecution of the plaintiffs.

27. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

28. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the ramifications of falsification; search of an individual's residence; the execution of search warrants, and; the treatment of innocent and/or uninvolved individuals found at the location of the execution of a search warrant.

29. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

32. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees

5

were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

41. Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

42. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs TIMOTHY MATOS and CHARLES CURRY.

45. Defendants caused plaintiffs TIMOTHY MATOS and CHARLES CURRY to be prosecuted without probable cause until the charges were dismissed on or about January 26, 2009.

46. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants issued criminal process against plaintiffs TIMOTHY MATOS and CHARLES CURRY by causing them to be arraigned and prosecuted for various violations of the Penal Law.

49. Defendants caused plaintiff TIMOTHY MATOS and CHARLES CURRY to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiffs' right to be free from malicious abuse of process.

50. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

51. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

53. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

54. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY are entitled to compensatory damages in an amount to be fixed by a jury, and are further

entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The defendants seized, detained, arrested, prosecuted, and imprisoned plaintiffs TIMOTHY MATOS and CHARLES CURRY, because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

57. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY were deprived of their rights under the Equal Protection Clause of the United States Constitution.

58. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

59. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants had an affirmative duty to intervene on behalf of plaintiffs TIMOTHY MATOS and CHARLES CURRY, whose constitutional rights were being violated in their presence by other officers.

61. The defendants failed to intervene to prevent the unlawful conduct described herein.

62. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

63. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

66. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

67. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

69. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without probable cause and then engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals, and; arresting individuals without probable cause merely based on their presence at the location of the execution of a search warrant. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs TIMOTHY MATOS and CHARLES CURRY.

71. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs TIMOTHY MATOS and CHARLES CURRY, as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs TIMOTHY MATOS and CHARLES CURRY, as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs TIMOTHY MATOS and CHARLES CURRY, were unlawfully arrested and maliciously prosecuted.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs TIMOTHY MATOS and CHARLES CURRY'S constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiffs TIMOTHY MATOS and CHARLES CURRY, of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from malicious prosecution;

    D. To be free from malicious abuse of process; and

    E. To be free from the failure to intervene.

76. As a result of the foregoing, plaintiffs TIMOTHY MATOS and CHARLES CURRY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs TIMOTHY MATOS and CHARLES CURRY, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
January 19, 2012

>LEVENTHAL & KLEIN, LLP
>Attorneys for Plaintiffs TIMOTHY MATOS and CHARLES CURRY
>45 Main Street, Suite 230
>Brooklyn, New York 11201
>(718) 722-4100
>
>By: _____
>BRETT H. KLEIN (BK4744)

13